UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **Joaquin PARAMO-Maciel,**  Defendant | Magistrate Docket No.  COMPLAINT FOR VIOLATION OF:  Title 8, U.S.C., Section 1326 Deported Alien Found in the United States  **'08 MJ 2051** |

The undersigned complainant, being duly sworn, states:

On or about **July 4, 2008** within the Southern District of California, defendant, **Joaquin PARAMO-Maciel,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7th DAY OF **JUNE, 2008**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Joaquin PARAMO-Maciel

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On July 4, 2008, Border Patrol Agent E. Juarez was working assigned line-watch duties in the Imperial Beach area of operations at an area known as "Spooner's Mesa." This area is approximately three miles west of the San Ysidro Port of Entry and approximately fifty yards north of the United States/Mexico International Boundary.

At approximately 10:00 P.M., Agent Juarez was advised by Dispatch of the activation of a seismic intrusion device on "Spooner's Mesa." Agent Juarez was advised by the Inside Scope Operator of a group of four individuals running north from the said seismic intrusion device. With the help of the Inside Scope Operator, Agent responded to an area north of the individuals and observed the group running towards him. Agent Juarez immediately identified himself as a United States Border Patrol Agent and ordered the four individuals to stop running. All individuals complied and Agent Juarez conducted an immigration inspection as to the individuals' citizenship and nationality. All the individuals, including one later identified as the defendant, **Joaquin PARAMO-Maciel**, admitted to being citizens and nationals of Mexico not in possession of any documentation permitting them to enter or remain in the United States legally. At approximately 10:15 P.M., Agent Juarez arrested all the individuals, including the defendant, for illegal entry into the United States. All four individuals were transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on or about July 01, 2008 through San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

**Executed on July 6, 2008 at 9:30 AM.**

_Terri L. Dimolios_
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **July 7, 2008**, in violation of Title 8, United States Code, Section 1326.

_William McCurine Jr._
United States Magistrate Judge

7/6/08
Date/Time